IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BRANDEN JAY THOMAS, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. RDB-18-2952 |
| PATRICIA CRESTA SAVAGE, | * | |
| Defendant | * | |

\*\*\*

## MEMORANDUM OPINION

Self-represented Plaintiff Branden Jay Thomas brings this action for damages against his former trial counsel, Patricia Cresta Savage, alleging that she willfully hindered his ability to present evidence that would have allowed the jury to consider punitive damages, pain and suffering, and lost wages. (ECF No. 1 at p. 6).

### BACKGROUND

Savage represented Thomas at trial in *Thomas v. PFC Ryan A. Flanagan*, Civil Action No. WDQ-13-685 (D. Md.). On September 23, 2015, a jury found Defendant Flanagan liable on all claims including false arrest, false imprisonment, excessive force, and assault and battery. The jury verdict awarded Thomas compensatory damages, but denied punitive damages and did not award compensatory damages for future lost wages. On September 24, 2015 the Honorable William D. Quarles, Jr. entered judgment in favor of Thomas and awarded a him $1,500 for past medical expenses, $25,000 for past lost wages, and $18,500 for noneconomic damages.

On October 13, 2015, Thomas moved for a new trial on damages. Judge Quarles denied the Motion for a New Trial on January 20, 2016. Civil Action No. WDQ-13-685 (D. Md.), ECF No. 61, 62. Savage filed the satisfaction of judgment on February 29, 2016. *Id*. at ECF No. 63.

**DISCUSSION**

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.,* 147 F.3d 347, 352 (4th Cir. 1998). Since federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick,* 191 F.3d 394, 399 (4th Cir. 1999) (citing *Lehigh Mining & Mfg. Co. v. Kelly,* 160 U.S. 337 (1895)). Accordingly, a federal court is required, *sua sponte,* to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking,* 147 F.3d at 352; *see also* Fed.R.Civ.P. 12(h)(3) ("Whenever it appears ... that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."). Generally, a case can be originally filed in a federal district court only if there is "federal question" jurisdiction under 28 U.S.C. § 1331 or "diversity of citizenship" under 28 U.S.C. § 1332, and "[t]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Davis v. Pak,* 856 F.2d 648, 650 (4th Cir. 1988) (citing *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178 (1936)). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the beginning of the litigation is the most efficient procedure; *Lovern v. Edwards,* 190 F.3d 648, 654 (4th Cir. 1999); and if the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Id.* [1]

Thomas summarily avers this Court has federal question jurisdiction over his claims based the "underlying case. 42 U.S.C. 1983, 1985, 1988." (ECF No. 1 at p. 4). Conclusory allegations in the complaint are insufficient to support jurisdiction." *Burgess v. Charlottesville*

---

[1] Thomas does not allege, nor does the Complaint suggest, grounds for jurisdiction based on diversity of citizenship of the parties since both parties have Maryland addresses. (ECF No. 1).

*Sav. and Loan Ass'n,* 477 F.2d 40, 43 (4th Cir. 1973). Thomas' allegations in the current Complaint, however, do not support a federal civil rights action; rather, they are premised at most on state claims of negligence or legal malpractice.[2]

Further, Thomas does not identify any conduct by the Defendant which could possibly be construed as a deprivation of the Plaintiff's constitutional rights. An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. *See Deas v. Potts*, 547 F.2d 800 (4th Cir.1976) (private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155–1156 & nn. 2–3 (4th Cir.1980) (court-appointed attorney); *Polk County v. Dodson*, 454 U.S. 312, 317–324 & nn. 8–16 (1981) (public defender).

## CONCLUSION

For these reasons, the Court will dismiss this case without prejudice for lack of jurisdiction by separate Order to follow.

October 3, 2018 _____/s/_____
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

---

[2] Even if federal jurisdiction were established, Thomas' claims may be barred by the statute of limitations. The statute of limitations for § 1983 claims is borrowed from the applicable state's statute of limitations for personal-injury actions, even when a plaintiff's particular § 1983 claim does not involve personal injury." *Tommy Davis Const., Inc. v. Cape Fear Pub. Util. Auth.,* 807 F.3d 62, 66-67 (4th Cir. 2015)(citing *Wilson v. Garcia*, 471 U.S. 261, 275-80 (1985)). In Maryland, the applicable statute of limitations is three years from the date of the occurrence. *See* Md. Cts & Jud. Proc. Code Ann. § 5-101.